**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| **EVELYN HOPE GARRETT,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | |
| : | **Civil Action No.** |
| **UNUM LIFE INSURANCE COMPANY** : | **7:05-CV-103 (HL)** |
| **OF AMERICA,** : | |
| : | |
| **Defendant.** : | |
| : | |
| : | |
| : | |

## ORDER

Defendants removed this matter from Lowndes County Superior Court on September 27, 2005, and allege diversity as the basis for jurisdiction. As part of the Court's initial file review process, the Court must determine whether a proper jurisdictional basis exists for each case. This is particularly important here as Defendant seeks to remove an ongoing case from state court to federal court. As such, Defendant bears the burden of proving that federal jurisdiction exists. Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001) (citing Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001)). Diversity jurisdiction, pursuant to 28 U.S.C. § 1332, requires a case between citizens of different states and an amount in controversy exceeding $75,000. As Defendant, in its Notice of Removal, properly alleged that the parties are diverse, the only jurisdictional issue concerns whether the amount in controversy

requirement is satisfied.

Where a plaintiff has specifically claimed less than the jurisdictional amount, a defendant seeking to remove the case to federal court must prove "to a legal certainty that plaintiff, if [he or she] prevailed, would not recover below [$75,000]." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 (11th Cir. 1994). In contrast, where a plaintiff makes an "unspecified demand for damages" in the state court complaint, Defendant seeking to remove the case need only "prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds [$75,000]." Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1537 (11th Cir. 1996). In determining whether the amount in controversy is satisfied on removal, district courts look first to the original complaint to ascertain whether it is "facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." Williams, 269 F.3d at 1319. If the jurisdictional requirement is not facially apparent courts look to the Notice of Removal and any additional evidence provided.

As the complaint in the present case does not specify a damage amount, the preponderance standard is applicable. To meet its burden Defendant must make an "affirmative showing" that the amount in controversy exceeds $75,000. Gaitor v. Peninsular & Occidental S.S. Co., 287 F.2d 252. 255 (5th Cir. 1961).[1] "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting

---

[1] Decisions of the United States Court of Appeals for the Fifth Circuit handed down prior to September 30, 1981 are binding precedent in the Eleventh Circuit. Bonner v. City of Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981).

such an assertion, is insufficient to meet the defendant's burden." <u>Williams</u>, 269 F.3d at 1319-20.

Here, Defendant has failed to meet its burden. Defendant offers no more than a bare assertion that Plaintiff's claim satisfies the amount in controversy requirement. As that is insufficient to establish jurisdiction, Defendant has ten days, from the entry of this order on the docket, to properly allege diversity jurisdiction. If Defendant fails to do so, the case will be remanded to the Lowndes County Superior Court for lack of jurisdiction.

**SO ORDERED**, this the 3rd day of October, 2005.

                                               /s/ Hugh Lawson
                                               **HUGH LAWSON, Judge**

scs