# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **EVELYN HOPE GARRETT,** individually and as administratrix of the estate of **WILLIAM E. GARRETT, SR.,** deceased, | : : : : : |
| Plaintiff, | : Civil Action No. : 7:05-CV-103 (HL) |
| v. | : : |
| **UNUM LIFE INSURANCE COMPANY OF AMERICA,** | : : : |
| Defendant. | |

## ORDER

Before this Court is Defendant's Motion to Dismiss or, alternatively, Motion for Judgment on The Pleadings (Doc. 5) and Plaintiff's Motion for Leave to File Amended Complaint (Doc. 21). For the reasons contained herein, Defendant's motion is granted in part and denied in part, and Plaintiff's motion is granted in part and denied in part.

## I. FACTS

This action arises out of the denial of a claim for insurance death benefits on behalf of William E. Garrett. Evelyn Hope Garrett, the decedent's wife and administratrix of his estate, filed suit against Unum Life Insurance Company of America asserting four claims: (1) breach of contract, (2) breach of the covenant of good faith and fair dealing, (3) negligent infliction of emotional distress, and (4) intentional infliction of emotional distress. The case was originally filed in the Superior Court of Lowndes County, Georgia and removed to this Court by

Defendant. Defendant also filed this Motion to Dismiss or, alternatively, Judgment on the Pleadings asking the Court to dismiss all claims except Plaintiff's breach of contract claim.

In response, Plaintiff moved for leave to amend her complaint in order to cure the alleged defects in her original complaint. Plaintiff's proposed amended complaint modifies her breach of contract and breach of the covenant of good faith and fair dealing claims to specifically assert the cause of action provided by O.C.G.A. § 33-4-6. Because the proposed amended pleadings are relevant to the Court's consideration of Defendant's Motion to Dismiss and in the interest of judicial economy, both motions are discussed below.

## II. ANALYSIS

**A. Motion to Dismiss and Motion for Judgment on the Pleadings**

A Motion to Dismiss must be filed prior to the filing of an answer. See FED. R.CIV. PRO. Rule 12(b); Pfister v. Arceneaux, 376 F.2d 821, 822-23 (11th Cir. 1966). Therefore, because Defendant filed its motion after filing its responsive pleading in this case, the Court will treat Defendant's motion as a Motion for Judgment on the Pleadings. See Schy v. Susquehanna Corp., 419 F.2d 1112, 1115 (7th Cir. 1970) ("A motion to dismiss made after the filing of an answer serves the same function as a motion for judgment on the pleadings . . ."); Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir. 1980).

"Judgment on the pleadings under Rule 12(c) is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." Horsley v. Rivera, 292 F.3d 695, 700 (11th Cir. 2002) (citing Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir.1998)). "If upon reviewing

the pleadings it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations, the court should dismiss the complaint." Id. (citing White v. Lemacks, 183 F.3d 1253, 1255 (11th Cir.1999)). Further, "all allegations in the complaint must be accepted as true [and] all inferences must be drawn in favor of the plaintiff." Sheppard v. Beerman, 94 F.3d 823, 827 (2nd Cir. 1996).

1. Plaintiff's Breach of Contract Claim

Defendant argues that a claim under O.C.G.A. § 33-4-6 is Plaintiff's exclusive remedy for extra-contractual damages and that Plaintiff failed to adequately plead a cause of action under that section. Specifically, Defendant argues that Plaintiff failed to comply with the notice requirements provided by O.C.G.A § 33-4-6.[1] Thus, Defendant asks the Court to dismiss Plaintiff's breach of contract claim insomuch as it requests extra-contractual damages.

While Plaintiff must establish that she complied with the notice requirements in order to ultimately recover, the "threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim [or motion for judgment on the pleadings] is . . . exceedingly low." Ancata v. Prison Health Serv. Inc., 796 F.2w 700, 703 (4th Cir. 1985).[2] Plaintiff's claim may only be dismissed if it is clear that she can prove no set of facts that would

---

[1] Georgia law provides for, in addition to the actual loss, a sum up to twenty-five percent of the actual loss and attorney's fees, provided the insurer refused to pay a claim in bad faith. O.C.G.A. § 33-4-6 (2000). To qualify for these additional damages a plaintiff must show that the insurer refused to pay the claim within sixty days after a demand was made. Id.

[2] Although this case involved a motion to dismiss rather than a motion for judgment of the pleadings, the case is applicable here because the standards for both motions are identical. See Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1379 (11th Cir. 1998) and Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

entitle her to relief.[3] That is simply not the case here. Further, because the focus of a motion for judgment on the pleadings is on Plaintiff's factual allegations alone, "[t]he failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of a claim." Albert v. Carovano, 851 F.2d 561, 571 n.3 (2nd Cir. 1988).

Even assuming Plaintiff's original complaint is deficient, it is clear that Plaintiff's proposed amended complaint cures any defects that may have existed. Plaintiff's proposed amended complaint specifically includes factual allegations that, if proven, would establish the notice requirements necessary to recover extra-contractual damages under O.C.G.A. § 33-4-6. Therefore, Plaintiff adequately pleaded a breach of contract claim, including a claim for extra-contractual damages and attorney fees.

2. Plaintiff's Breach of the Covenant of Good Faith and Fair Dealing Claim

Defendant argues that Plaintiff's independent claim of a breach of the covenant of good faith and fair dealing is a duplicative claim. The Court agrees. Both the Eleventh Circuit Court of Appeals and the Georgia Court of Appeals examined whether the covenant of good faith and dealing provides an independent cause of action which could be asserted separately from a breach of contract claim and held that Geogia law does not recognize an independent cause of action based on the covenant. See Alan's of Atlanta, Inc. v. Minolta Corp., 903 F.2d 1414, 1429 (11th Cir. 1990) and Stuart Enterprises International, Inc. v. Peykan, Inc., 252 Ga. App. 231, 234

---

[3]Defendant argues that because O.C.G.A. § 33-4-6 imposes a penalty, strict compliance with the notice requirement is mandated. Although the authority provided by Defendant makes clear that a plaintiff must strictly comply with the notice requirements to recover additional damages under the section, none of the cases cited by Defendant suggest that a plaintiff seeking a recovery under the section are subject to a heightened pleading standard.

(2001). Accordingly, Plaintiff's independent claim for breach of the covenant of good faith and fair dealing is dismissed with prejudice. Although not actionable as an independent cause of action, "[t]he implied covenant of good faith modifies, and becomes part of, the provisions of the contract itself." Stuart, 252 Ga. App. at 234. Thus, although Plaintiff cannot sustain an independent claim based on the covenant of good faith and fair dealing, the covenant is still applicable when considering Plaintiff's breach of contract claim.

3. <u>Plaintiff's Negligent Infliction of Emotional Distress and Intentional Infliction of Emotional Distress Claims</u>

Defendant argues that Plaintiff may not bring claims for negligent or intentional infliction of emotional distress because O.C.G.A. § 33-4-6 provides the exclusive remedy for an insurer's failure to pay a claim. Plaintiff argues that Defendant owed a legal duty to properly investigate the claim and fairly deal in good faith. According to Plaintiff, because this duty is in addition to any contractual duties, a breach of this duty can form the basis of a tort claim.

"The mere breach of an ordinary contract does not constitute a tort; and if there is no liability except that arising out of a breach of a purely contractual duty, the action must be in contract, and an action in tort cannot be maintained." Leonard v. Fireman's Ins. Co., 100 Ga. App. 434, 435 (1959). Although the breach of most contracts does not create a relationship from which the law implies a duty, in "contractual relations between principal and agent, bailor and bailee, attorney and client, physician and patient, carrier and passenger or shipper, master and servant, and similar well-recognized relations" the breach of a contractual duty will support an action in tort. Id. (quoting Manley v. Exposition Cotton Mills, 47 Ga. App. 496 (1933). Absent

some special relationship, the exclusive remedy for a breach of contract is O.C.G.A. § 33-4-6. See Globe Life and Accident Insurance Co. v. Ogden, 182 Ga. App. 803, 805 ( 1987); Tate v. Aetna Casualty and Surety Co., 149 Ga. App. 123, 125 (1979).

Here, the facts alleged by Plaintiff in her complaint set forth a simple claim for a breach of contract. Nothing alleged by Plaintiff in her original complaint or her proposed amended complaint even suggests that the relationship between the Plaintiff and Defendant is anything more than contractual. Nevertheless, Plaintiff suggests that the Court find that Georgia law implies a duty, which seems to be a modified version of the implied covenant of good faith and fair dealing, upon the parties to a contract to fairly deal in good faith. Absent a special relationship between the parties to a contact, Georgia law will simply not support a tort claim as Plaintiff suggests.[4]

Even assuming that Plaintiff could bring a tort claim, Plaintiff cannot sustain a claim for negligent or intentional infliction of emotional distress. First, to recover under a claim of negligent infliction of emotional distress a plaintiff must establish "(1) a physical impact to the plaintiff; (2) the physical impact causes physical injury to the plaintiff; and (3) the physical

---

[4]The various cases cited by Plaintiff to support her argument are not applicable to this case. Moore v. Harry Norman, Inc., 199 Ga. App. 2331 (1991), involves a fiduciary relationship between the parties to the contract; City and Suburban Railway v. Brauss, 70 Ga. 368 (1883), involves a common carrier; and Patterson v. First Clayton Bank and Trust Co., 214 Ga. App. 94 (1994), involves an agency relationship. Here, there is no special relationship between Plaintiff and Defendant.

Further, Paz v. Marvin M. Black Co., 200 Ga. App. 607 (1991), and Bradley Center, Inc v. Wessner, 161 Ga. App. 576 (1982), concern personal physical injury claims and wrongful death. Plaintiff alleges no physical injury was caused by Defendant's actions. The remaining cases cited by Plaintiff only reinforce the Court's determination that Georgia law does not provide for a tort action when the relationship between a plaintiff and a defendant is purely contractual.

injury to the plaintiff causes the plaintiff's mental suffering or emotional distress." <u>Lee v. State Farm Mutual Insurance</u>, 272 Ga. 583 (2000). Here, Plaintiff has not alleged that she was physically injured as a result of Defendant's actions, therefore she cannot sustain a claim for negligent infliction of emotional distress. Second, pursuant to Georgia law, "an insurer's failure to pay benefits under an insurance policy does not, as a matter of law, rise to the level of such outrageousness requisite to a cause of action for intentional infliction of emotional distress." <u>Lincoln National Life Insurance Co. v. Davenport</u>, 201 Ga. App. 175, 176 (1991) (citing <u>Bekele v. Ryals</u>, 177 Ga. App. 445, 446 (1986)).

    4. <u>Plaintiff's Claim for Punitive Damages</u>

Defendant argues that Plaintiff cannot sustain a claim for punitive damages because O.C.G.A. § 33-4-6 provides the exclusive remedy for an insurer's failure to pay a claim. Plaintiff argues that Georgia law authorizes punitive damages in any tort action where it is shown that a defendant acted with willful misconduct. <u>See</u> O.C.G.A. §51-12-5.1(b) (2000). According to Plaintiff, punitive damages are proper in this case as she asserts two tort claims in addition to her breach of contract claim; however, as already addressed, Georgia law does not provide Plaintiff with a tort claim in this case. Thus, because Plaintiff's tort claims have been dismissed, her claim for punitive damages, under O.C.G.A. §51-12-5.1, must also be dismissed.

**B. Motion to Amend**

Defendant argues that Plaintiff should not be granted leave to amend her complaint because many of the amendments are futile. Defendant argues that Plaintiff's claims for breach of the covenant of good faith and fair dealing, intentional infliction of emotional distress,

negligent infliction of emotional distress, and punitive damages are futile because O.C.G.A. § 33-4-6 is Plaintiff's exclusive remedy.

Rule 15(a) of the Federal Rules of Civil Procedure states that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Despite this broad requirement, undue delay, undue prejudice to defendants, and futility of the amendment are sufficient to justify denying a motion to amend. Foman v. Davis, 371 U.S. 178, 182 (1952). As there has been no allegation and the Court can find no evidence of undue delay or undue prejudice to Defendant, the only issue left to address is the alleged futility of certain claims included in Plaintiff's proposed amended complaint.

Plaintiff's proposed amended complaint includes additional factual allegations and slightly modifies Plaintiff's breach of contract and breach of the implied warranty of good faith and fair dealing claims. As already addressed, Georgia law does not provide an independent action for breach of the implied warranty of good faith and fair dealing. Therefore, any attempt by Plaintiff to amend her complaint to include a independent action for breach of the implied warranty of good faith and fair dealing is futile.

Further, as presently written, a portion of the statements alleging Defendant refused to pay the claim in bad faith are listed under the breach of the implied warranty of good faith and fair dealing claim. Because that claim is futile, Plaintiff is denied leave to amend her complaint to allege an independent count based on the covenant of good faith and fair dealing; however, allegations listed under that count, which in part establish Plaintiff's claim for extra-contractual damages based on Defendant's bad faith, are viable. Thus, Plaintiff is granted leave to amend

her complaint to include the additional allegations insomuch as they relate to Plaintiff's breach of contract claim.

In addition, Plaintiff's proposed amended complaint asserts claims for negligent infliction of emotional distress, intentional infliction of emotional distress, and punitive damages. As explained fully above, neither infliction of emotion distress claims are viable in this case. Further, with the exception of the extra-contractual damages provided under O.C.G.A § 33-4-6, Georgia law does not provide for punitive damages in contract actions. Therefore, insomuch as Plaintiff seeks to amend her complaint to allege a claim for negligent infliction of emotional distress, intentional infliction of emotional distress, or punitive damages, the request is denied.

### III. CONCLUSION

Defendant's Motion for Judgment on the Pleadings is granted in part and denied in part. Plaintiff's independent breach of the implied warranty of good faith and fair dealing claim, negligent infliction of emotional distress claim, intentional infliction of emotional distress claim, and O.C.G.A. § 51-12-5.1 punitive damage claim are dismissed. Plaintiff's breach of contract claim, including a claim for extra-contractual damages, remains. Plaintiff's Motion for Leave to File Amended Complaint is granted insomuch as Plaintiff seeks to add additional allegations that relate to her remaining breach of contract claim. Plaintiff is not granted leave to amend her complaint to include an independent claim for breach of the implied warranty of good faith and fair dealing, negligent emotional distress, intentional emotional distress, or O.C.G.A. § 51-12-5.1 punitive damages. Further, because allegations regarding Plaintiff's breach of contract claim are listed under Plaintiff's breach of the implied warranty of good faith and fair dealing claim,

Plaintiff is granted leave to file a recast complaint alleging her breach of contract claim, including extra-contractual damages, under one count.

    **SO ORDERED**, this the 22nd day of December, 2005.


        **/s/ Hugh Lawson**
        **HUGH LAWSON, Judge**

scs